**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 97-4520

SAMUEL ADJEI,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-97-204)

Submitted: February 27, 1998

Decided: March 18, 1998

Before HAMILTON and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John Clifton Rand, LAW OFFICES OF J. C. RAND, Alexandria, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Patricia S. Rim, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Samuel Adjei appeals from the district court order affirming his conviction by a magistrate judge for possession of marijuana, in violation of 21 U.S.C. § 844 (1994). We affirm.

In October 1996, Park Police Officer Franz Ferstl noticed Adjei sitting in a parked car in the Roach's Run turn-off on the George Washington Parkway in Arlington, Virginia. Ferstl checked the vehicle because it was in a known narcotics area but did not see any suspicious activity. Ferstl did notice, however, that the registration and inspection stickers on the vehicle were expired. Ferstl approached the vehicle and requested Adjei's license and registration. During this time, Ferstl noticed that Adjei was aggressively chewing on something. Ferstl asked Adjei to step out from the vehicle and then asked him what he had in his mouth. Adjei removed a large pink object from his mouth, stated that it was bubble gum, and threw it aside onto the pavement. Ferstl picked up the object and noticed that it was actually a pink piece of paper that contained marijuana. Ferstl then arrested Adjei.

Adjei moved to suppress all evidence, and the magistrate judge denied the motion. Adjei subsequently pleaded guilty to possession of marijuana. Adjei then appealed the magistrate judge's denial of the motion to suppress, and the district court affirmed. Adjei timely appealed. On appeal, Adjei asserts that the court erred in denying his motion to suppress because the encounter between Adjei and Ferstl constituted custodial interrogation without Miranda* warnings.

A person subjected to custodial interrogation is entitled to the procedural safeguards prescribed by Miranda. See Stansbury v.

_____

*Miranda v. Arizona, 384 U.S. 436, 444 (1966).

2

California, 511 U.S. 318, 322 (1994) (per curiam). For purposes of Miranda, custodial interrogation is defined as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." Berkemer v. McCarty, 468 U.S. 420, 428 (1984). A person is "in custody" if he "has been formally arrested or if he is questioned under circumstances in which his freedom of action is curtailed `of the degree associated with a formal arrest.'" United States v. Leshuk, 65 F.3d 1105, 1108 (4th Cir. 1995) (quoting Stansbury, 511 U.S. at 322).

In Berkemer, the Supreme Court noted that a traffic stop "significantly curtails the `freedom of action' of the driver and the passengers." Berkemer, 468 U.S. at 436. However, the Court went on to hold that persons temporarily detained pursuant to ordinary traffic stops are not `in custody' for the purposes of Miranda. Id. at 440-41.

In the case at bar, we find that the facts and circumstances would not have led a reasonable person to believe that the detention was not temporary and that he would not be free to leave. See Berkemer, 468 U.S. at 437-42. Ferstl held Adjei's license and registration while writing a citation for a traffic violation and did not retain the license and registration for any other purpose. Further, Ferstl asked Adjei one question and did not force Adjei to answer. See Florida v. Royer, 460 U.S. 491, 497 (1983). Adjei freely responded to the question by tossing the object in his mouth onto the roadway. This was a voluntary act and not an act indicative of interrogation. Because we find that Adjei was not in custody for purposes of Miranda , we need not consider the Government's contention that Adjei abandoned the marijuana.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3